UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 24-3177 (DSD/EMB)

Jena Miller,

        Plaintiff,

v.                                    **ORDER**

Experian  Information  Services
Inc.,

        Defendant.


This matter is before the court upon the motion for summary judgment and to exclude expert witness testimony by defendant Experian Information Services, Inc. and plaintiff Jena Miller's motion to exclude expert witness testimony. Based on a review of the file, records, and proceedings herein, the court grants Experian's summary judgment motion and denies the expert witness motions as moot.


**BACKGROUND**

This Fair Credit Reporting Act (FCRA) dispute arises out of allegedly inaccurate information on Miller's credit report relating to a dispute with her former landlord.

In 2021, Miller moved into an apartment under a one-year lease (Property). Due to noisy neighbors, Miller moved out six weeks later. The Property agreed to waive the lease's early termination

fee in exchange for Miller's agreement not to disparage the Property. The agreement is referred to as the Mutual Recission Agreement and Release of Claims (MRA). Loscheider Decl. Ex. D.

In December 2021, Miller posted negative reviews online about the Property, ostensibly in violation of the MRA. Id. Ex. F. Counsel for the Property sent cease and desist letters to Miller, which went unheeded. Id. Ex. F. On January 10, 2022, the Property charged Miller the early termination fee of $2,862 due to her breach of the MRA. Id.

It is undisputed that Miller has not remitted payment despite the Property's efforts to collect. The Property ultimately sold the debt to Columbia Debt Recovery. Columbia then reported the debt to Experian in November 2023, and Experian included it in Miller's December 14, 2023, credit report. Id. Ex. I; Methvin Decl. ¶ 29.

On April 17, 2024, Experian received a letter from a third party disputing Miller's debt. Methvin Decl. ¶ 33; Loscheider Decl. Ex. L. Experian responded to Miller and asked her to contact Experian directly rather than through a third party to confirm her dispute.[1] Loscheider Decl. Ex. M; Methvin Decl. ¶ 33. She did so on May 14, 2024. Methvin Decl. ¶ 34; Loscheider Decl. Ex. M.

---

[1] The court will not go into greater detail regarding the third-party contacts with Experian as they do not bear on the court's

On May 17, 2024, Experian forwarded Miller's letter and supporting documents to Columbia and requested confirmation of the debt.  Methvin Decl. ¶ 34.  On May 21, Columbia certified that it investigated Miller's dispute and concluded that the information about the debt was accurate.  Id.

On August 9, 2024, Miller commenced this suit against Experian and other credit reporting agencies that have since been dismissed. She alleges various violations of the FCRA. She seeks statutory and actual damages based on her claim that Experian's reporting caused her credit rating to suffer and that she has suffered emotionally as a result.  Experian now moves for summary judgment.

**DISCUSSION**

**I.   Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that it could

---

determination.

3

cause a reasonable jury to return a verdict for either party.  See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. Id. at 255.  The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. Celotex, 477 U.S. at 324.  A party asserting that a genuine dispute exists - or cannot exist - about a material fact must cite "particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1)(A).  If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial.  Celotex, 477 U.S. at 322-23.

## II.  Merits

Miller alleges that Experian violated § 1681e(b) and § 1681i of the FCRA by including her debt with the Property on her credit report and failing to reinvestigate the debt after she disputed its accuracy.  She explains that even if she were in breach of the MRA, the property was not entitled to seek the early termination fee, which is the amount reflected on her credit report.  The court is unpersuaded by Miller's position.

4

The FCRA outlines procedural and substantive requirements designed to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Poehl v. Countrywide Home Loans, Inc., 528 F.3d 1093, 1096 (8th Cir. 2008) (quoting Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007)). Section 1681e(b) requires consumer reporting agencies like Experian to "follow reasonable procedures to assure maximum possible accuracy of the information" contained in a consumer's credit report. 15 U.S.C. § 1681e(b).

To prevail on a claim under § 1681e(b), Miller must establish that Experian "failed to follow reasonable procedures to assure maximum possible accuracy and that this failure caused inaccurate information to appear on her credit report." Morris v. Experian Info. Sols., Inc., 478 F. Supp. 3d 765, 768 (D. Minn. 2020) (quotation omitted) (citing Hauser v. Equifax, Inc., 602 F.2d 811, 814-15 (8th Cir. 1979)).

Section § 1681i requires credit reporting agencies like Experian to "reinvestigate and confirm ... the disputed information" once it receives a dispute letter from a consumer. Reed v. Experian Info. Solutions, Inc., 321 F. Supp. 2d 1109, 1113 (D. Minn. 2004) (citing 15 U.S.C. § 1681i(a)(1)(A)). Reinvestigation entails "notify[ing] the furnisher of the disputed

5

information of the substance of the dispute and provid[ing] it with all relevant information received from the consumer." Id. (citing 15 U.S.C. § 1681i(a)(2)(A)-(B)).

The court's analysis begins and ends with the question of whether Experian accurately reported Miller's debt. See Paul v. Experian Info. Sols., Inc., 793 F. Supp. 2d 1098, 1103 (D. Minn. 2011) ("[W]ithout a showing that the reported information was in fact inaccurate, a claim brought under § 1681i must fail."); Murphy v. Midland Credit Mgmt, Inc., 456 F. Supp. 2d 1082, 1089 (E.D. Mo. 2006) ("[A]ccurate reporting by a credit reporting agency is a complete defense to ... a section 1681 e(b) claim). The record establishes Experian did so.

As noted, Miller argues that the report is inaccurate because she did not actually breach the MRA and that, even if she did, the Property is not permitted to seek the otherwise waived early termination fee. In other words, Miller is collaterally challenging the Property's legal claim against her rather than disputing a factual inaccuracy in Experian's reporting. See Denan v. Trans Union LLC, 959 F.3d 290, 297 (7th Cir. 2020) ("What plaintiffs call 'legally inaccurate' and 'legally incorrect' information amounts to non-adjudicated legal defenses to their debts."); DeAndrade v. Trans Union LLC, 523 F.3d 61, 68 (1st Cir.

2008) (holding that the validity of a debt is "not a factual inaccuracy").

The law is clear that credit reporting agencies are neither equipped nor required to determine the merits of such legal disputes. See Rydholm v. Equifax Info. Sols., Inc., 44 F.4th 1105, 1109 (8th Cir. 2022) ("We join our sister circuits in rejecting the invitation to mandate that [credit reporting agencies] hire individuals with legal training to preemptively determine the validity of reported debts."); Wright v. Experian Info. Sols., Inc., 805 F.3d 1232, 1242 (10th Cir. 2015) (holding that credit reporting agencies are not required to "resolve legal disputes about the validity of the underlying debts they report."); Denan, 959 F.3d at 297 (holding that the FCRA does not require credit reporting agencies to resolve legal issues relating to a consumer's debt); Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 892 (9th Cir. 2010) ("Because [credit reporting agencies are ill equipped to adjudicate contract disputes, courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FRCA reinvestigation claims."); DeAndrade, 523 F.3d at 68 (holding that the validity of a debt is legal issue that a credit reporting agency is "neither qualified nor obligated to resolve under the FRCA").

7

Based on this authority, Experian's reporting of the debt, even though in dispute, does not constitute a violation of the FCRA.  Miller has failed to establish an inaccuracy necessary to proceed with her claims under § 1681e(b) and § 1681i.  No reasonable jury could conclude otherwise.[2]

## CONCLUSION

Accordingly, based on above, **IT IS HEREBY ORDERED** that:

1.   The motion for summary judgment [ECF No. 108] is granted;

2.   The motions to exclude expert testimony [ECF Nos. 118 and 125] are denied as moot; and

3.   This case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 21, 2026          /s _Paul A. Magnuson_ for
                                David S. Doty, Judge
                                United Stated District Court

---

[2]   Even if Experian had reported an inaccuracy, the record does not support a finding that its investigation and reinvestigation processes were statutorily insufficient.

8