**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Jena Miller,

Plaintiff,

v.

Experian Information Solutions, Inc.,

Defendant.

Civil No. 24-3177 (DWF/EMB)

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

This matter is before the Court on Plaintiff Jena Miller's motion for review of the clerk's taxation of costs and to vacate the cost judgment. (Doc. No. 177.) Defendant Experian Information Solutions, Inc. ("Experian") opposes the motion. (Doc. No. 186.) For the reasons set forth below, the Court denies the motion.

## BACKGROUND

On April 21, 2026, the Court granted Experian's motion for summary judgment and dismissed the case with prejudice. (Doc. No. 160.) Judgment was entered the following day (Doc. No. 161), and Miller subsequently filed her notice of appeal to the Eighth Circuit (Doc. No. 162). Following the entry of judgment, Experian filed a bill of costs (Doc. No. 166) to which Miller timely objected (Doc. No. 167). On July 1, 2026, the Clerk of Court entered a cost judgment against Miller in the amount of $15,626.10. (Doc. No. 174.) In response, Miller filed her motion for review of the clerk's taxation of costs and to vacate the cost judgment. (Doc. No. 177.)

## DISCUSSION

### I. Legal Standard

Under Federal Rule of Civil Procedure 54(d)(1), "costs—other than attorney's fees—should be allowed to the prevailing party." The costs that may be taxed include "fees of the clerk and marshal, fees for printed or electronically recorded transcripts necessarily obtained for use in the case, fees and disbursements for printing and witnesses, fees for copies of necessary papers, docket fees, and compensation of court appointed experts and interpreters." 28 U.S.C. § 1920; *see also Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464 (8th Cir. 2015). Rule 54(d) establishes a presumption that defendants are entitled to recover their costs. *See Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). To overcome this presumption, Miller must show that the cost judgment is "inequitable under the circumstances." *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (citation and quotation marks omitted).

#### A. Indigence

Miller first argues that the Court should vacate the clerk's taxation of costs. A district court is within its discretion to deny costs "because a plaintiff is poor." *Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982). But to be excused from paying costs, Miller "must be facing dire financial circumstances," and she bears the burden of "establish[ing] indigence through affidavits or other evidence of income, assets, and schedules of expenses." *Kaplan v. Mayo Clinic*, No. 07-CV-3630, 2011 WL 3837095, at *2 (D. Minn. Aug. 29, 2011). Miller must also show that she is "not likely to be able to pay the costs" either now or in the future. *Svendsen v. G4S Secure Sols. (USA) Inc.*,

No. 16-CV-0583, 2019 WL 277605, at *2 (D. Minn. Jan. 22, 2019) (citation and quotation marks omitted).

Miller has been fully employed since April 6, 2026, and is the only member of her household. Her gross income is approximately $1,312.50 per week. (Doc. No. 180 ¶¶ 3-4, 6.) Miller currently has approximately $6,000 in checking and savings accounts. (*Id.* ¶ 9.) Her various retirement and investment accounts total approximately $14,574.07. (*Id.* ¶ 10.) Miller's total outstanding debt is approximately $8,000. (*Id.* at 14.) She states she lives "month to month." (*Id.*)

The Court has sympathy for Miller but cannot find that she is "indigent" as that term is used in case law regarding the taxation of costs. Miller's financial circumstances may be difficult, but they do not rise to the level deemed "dire" by this district in past cases. Likewise, Miller has failed to establish that she will be unable to pay the costs as awarded in the future. *See Damgaard ex rel. I.L.D. v. McKennan*, No. 13-CV-2192, 2016 WL 1718370, at *1-2 (D. Minn. Apr. 29, 2016) (declining to tax costs when child suffered from severe medical conditions and had no employment prospects and mother provided "round-the-clock care," could not get a job, and relied on welfare); *Thull v. Techtronic Indus. Co.*, No. 11-CV-2368, 2015 WL 1021316, at *2-3 (D. Minn. Mar. 9, 2015) (declining to tax costs when plaintiff could perform only limited, occasional work due to an accident; had no assets, savings, or retirement plan; was in debt; could not cover basic living expenses; and was at risk of losing his home); *Kaplan*, 2011 WL 3837095, at *2 (finding indigence when plaintiff "lost his ability to work due to medical procedures," had to sell his personal property, was in foreclosure, and was $550,000 in

debt). Unlike the parties seeking to avoid taxation of costs in *Damgaard*, *Thull*, and *Kaplan*, Miller is employed full-time and has a steady income.

In support of her motion, Miller argues that the "significant financial disparity" between the parties weighs against the taxation of costs incurred in the course of this litigation. (Doc. No. 179 at 5.) The Eighth Circuit has not squarely addressed whether comparative financial disparity should be considered in the Rule 54(d)(1) analysis. However, costs are routinely taxed against poorer parties in favor of wealthier parties. *See In re Derailment Cases*, 417 F.3d 840, 845 (8th Cir. 2005) (costs awarded to two corporations and against residents of a small town); *Lampkins v. Thompson*, 337 F.3d 1009, 1017 (8th Cir. 2003) (costs awarded to federal law enforcement agents and against indigent prisoner); *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983) (costs awarded to major corporation and against individual with "limited financial resources"). The Court sees no basis to depart from this line of cases and therefore declines to disrupt the presumption in favor of taxation of costs, regardless of any financial disparity between the parties.

Miller also argues, albeit briefly, that her lawsuit was not frivolous. Miller's line of argument "turn[s] the presumption in favor of the imposition of costs on its head." *Streed v. Neuharth*, No. 12-CV-1340, 2014 WL 2195081, at *1 (D. Minn. May 27, 2014) (citation omitted). Indeed, "courts routinely tax costs in 'close' cases." *E.E.O.C. v. Hibbing Taconite Co.*, No. 09-729, 2010 WL 4237318, at *1 (D. Minn. Oct. 21, 2010) (citation omitted). Accordingly, Miller's argument that her lawsuit was not frivolous is not, without more, a reason to avoid taxing costs.

### B. Non-Taxable Costs

Miller next argues that the deposition transcripts of the pattern-and-practice witnesses are not taxable under 28 U.S.C. § 1920. (Doc. No. 179 at 6.) Experian, as the prevailing party, is entitled to "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The question is whether the deposition transcripts were necessary in this case. *See Fair Isaac Corp. v. Fed. Ins. Co.*, 763 F. Supp. 3d 832, 839 (D. Minn. 2025).

"The most direct evidence of 'necessity' is if the transcript was actually used in a court proceeding." *Sorin Grp. USA, Inc. v. St. Jude Med., Inc.*, No. 14-cv-4023, 2017 WL 3503360, at *5 (D. Minn. Aug. 15, 2017). The necessity of a transcript "is judged at the time the deposition is taken, not with the benefit of hindsight." *Jacobs v. Cnty. of Hennepin*, No. 19-cv-2879, 2021 WL 509284, at *2 (D. Minn. Feb. 11, 2021). Miller argues that because Experian did not cite the at-issue deposition transcripts in its summary judgment briefing, the transcripts were not necessarily obtained for use in this case. (Doc. No. 179 at 6.) Miller's argument fails for two reasons. First, Miller herself used the deposition transcripts in her summary judgment briefing and during oral arguments before the Court. (*See* Doc. Nos. 143 at 36-37; 147 ¶¶ 4-7; 155; 176.) Miller's use of the transcripts in briefing and at oral argument demonstrates the necessity of the transcripts for the needs of the case. Second, Experian's decision not to cite to the deposition transcripts does not automatically render the transcripts non-taxable under either Rule 54(d)(1) or 28 U.S.C. 1920. *See Kuntz v. Messerli & Kramer P.A.*, 2017 WL 3332222, at *3 (D. Minn. Aug. 4, 2017) (denying offset of deposition transcript fee

because "the transcript fee was reasonably necessary at the time it was incurred due to the likely probability that the deposition would be useful to Kuntz in further prosecuting this action"). Having carefully reviewed the record, Experian's costs for written deposition transcripts are taxable because the costs associated with the transcripts were necessarily incurred in this case.

## CONCLUSION

The Court finds that the pattern-and-practice deposition transcripts were necessarily obtained for use in this case and that there is nothing inequitable under the circumstances to bar taxing Miller with the costs necessarily incurred in this case. Therefore, the Court affirms the Cost Judgment (Doc. No. 174) in its entirety. The Court is hopeful that the parties will work cooperatively to arrange for Miller to satisfy her obligation to Experian by way of a monthly payment plan.

## ORDER

Based on the files, record, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiff Jena Miller's motion for review of the clerk's taxation of costs and to vacate the cost judgment (Doc. No. [177]) is respectfully **DENIED**.

2. Costs incurred in this case by Defendant Experian are taxed against plaintiff in the amount of $15,626.10.

Dated: October 28, 2026

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge